UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

FILED
SCRANTON
OCT 2 5 2016

Per_____
DEPUTY CLERK

ONOFRIO POSITANO,                  :
                                   :
          Plaintiff,               :
                                   :
     v.                            :          CIVIL NO. 3:16-CV-1570
                                   :
THERESA DELBALSO, et al.,          :          (Judge Kosik)
                                   :
          Defendants.              :


## MEMORANDUM

Before the court is Plaintiff's Amended Complaint (Doc. 15).  For the reasons that follow, the Clerk of Court will be specially appointed to serve the Amended Complaint on Defendants Flores and Minarchick, but any claims set forth against the other named Defendants will be dismissed.

On August 17, 2016, the Magistrate Judge issued a Report & Recommendation screening the original complaint filed by Plaintiff in this matter.  (Doc. 14.)  In the original complaint, Plaintiff set forth claims of negligence as well as violations of the Americans with Disabilities Act, 42, U.S.C. § 12101, et seq. ("ADA").  It was recommended that five (5) of the six (6) Defendants named be dismissed, without prejudice, on the basis of supervisory and vicarious liability.  (Doc. 11.)  These Defendants were DelBalso, Minarchick, Wetzel, Jacobson and Steinhart.  (Id. at 11-

14.) However, Plaintiff was granted the opportunity to cure the deficiencies of his claims against said Defendants. (Id. at 15-16.) In order to state a claim, Plaintiff must show that the supervisory defendants actively deprived him of a right secured by the Constitution or laws of the United States. See Morse v. Lower Merion Sch. Dist., 132 F.3d 902 (3d Cir. 1997).

It was further recommended that Plaintiff file a more definite statement with respect to his ADA claim against Defendant Flores. (Id. at 16-19.) While Plaintiff alleged that Flores violated the ADA by wrongfully concluding that Plaintiff was medically unfit to participate in a dog handler program, he did so in a "barebones" fashion. Specifically, Plaintiff failed to identify his medical condition, describe the disabling character of the condition, or explain how his disability formed the basis for his exclusion from some prison program. (Id. at 17.) As such, Plaintiff was directed to file a more definite pleading pursuant to Federal Rule of Civil Procedure 12(e) to clarify his claims.

An amended complaint was submitted on October 12, 2016. (Doc. 15). On October 17, 2016, the Magistrate Judge's Report & Recommendation was adopted and the Amended Complaint accepted for screening. (Doc. 17.) After reviewing the amended complaint, the court finds that Plaintiff still has failed to set forth viable claims against Defendants DelBalso, Jacobson, Steinhart and Wetzel, but that the

2

ADA claim should proceed against Defendants Flores and Minarchick. Plaintiff has not cured the deficiencies of the original complaint with respect to Defendants DelBalso, Jacobson, Steinhart and Wetzel. He again only sets forth supervisory claims against them. However, and without passing judgment as to the ultimate merits of his claim, Plaintiff does set forth additional facts with respect to Defendants Flores and Minarchick with respect to the ADA claim. He alleges additional facts which show he had various medical restrictions rendering him 'handicapped" due to his heart ailments. He further alleges that he was denied participation in the dog handler program based upon his disability, even though he was qualified to participate. He appears to level this allegation against both Defendant Flores and Defendant Minarchick. (Doc. 15 at ¶ 22.) As such, the amended complaint will proceed against both of these Defendants.

To effect service as expeditiously as possible, the Clerk of Court is specially appointed to serve a copy of the complaint, Notice of Lawsuit and Request to Waive Service of Summons (form AO 398), Waiver of the Service of Summons (form AO 399), and this order on Defendants Flores and Minarchick. The waiver requests shall inform the defendants both of the consequences of compliance and of failure to comply with the requests. Defendants are permitted 30 days from the date the waiver requests are sent (60 days if addressed outside any judicial district of the United

3

States) to return the signed waivers or electronically file them in the court's

Electronic Case Filing (ECF) system.  If a signed waiver is not returned or

electronically filed within the required time, an order shall be issued directing the

Clerk's office to transmit the summons and a copy of the complaint to the U.S.

Marshals Service for immediate service under Fed. R. Civ. P. 4(c)(1).

It is Plaintiff's responsibility to provide a complete name and address for both

Defendants so that the court can effect service.  At this time, service will be attempted

on Defendants at the address Plaintiff has listed for them in the complaint.  However,

if the Clerk of Court cannot properly mail the complaint, Notice of Lawsuit and

Request to Waive Service of Summons, and Waiver of the Service of Summons to

Defendants due to Plaintiff's failure to properly name them or provide an accurate

mailing address for each Defendant, Plaintiff will be required to correct this

deficiency.

In that event, it will be the Plaintiff's responsibility to provide the Clerk's

Office with the completed Notice of Waiver of Summons, Waiver of Summons, and

Process Receipt and Return (form USM 285) form for any such defendant.  If

Plaintiff does not have sufficient copies of these forms to prepare one for each of the

Defendants, he may obtain additional forms from the Clerk of Court.  On each form,

Plaintiff must give the full name and complete address of each individual defendant.

4

If Plaintiff fails to give the Clerk's Office correct instructions for mailing to any defendant, Plaintiff's claims against that defendant may be dismissed pursuant to Fed. R. Civ. P. 4(m).

Plaintiff is also advised that no defendant is required to respond to the complaint until he or she: (1) has waived service; or (2) has been served with a summons and the complaint pursuant to Rule 4 of the Federal Rules of Civil Procedure, if the defendant has not waived service. Further, any motion for default cannot be filed unless the defendant has failed to file an answer, a motion to dismiss, or a motion for additional time to respond to the complaint within sixty (60) days after the Notice of Lawsuit and Request to Waive Service of Summons has been mailed (if service is waived pursuant to the written notice) or twenty-one (21) days after being served the summons and complaint by the United States Marshals Service (which will be completed only for those defendants who do not waive service).

Plaintiff is also advised that he is responsible for notifying the Clerk's Office of any change of address throughout the course of this litigation. Failure to do so may result in the dismissal of Plaintiff's action for failure to prosecute if the court and other parties are unable to serve pleadings, orders or otherwise communicate with Plaintiff.

5