# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ONOFRIO POSITANO,** | : | CIVIL ACTION NO. 3:16-CV-1570 |
| Plaintiff | : | |
| | : | (Chief Judge Conner) |
| v. | : | |
| | : | |
| **COMMONWEALTH OF PENNSYLVANIA DEPARTMENT OF CORRECTIONS,** | : | |
| | : | |
| Defendant | : | |

## ORDER

AND NOW, this 20th day of July, 2018, upon consideration of the report (Doc. 123) of Chief Magistrate Judge Susan E. Schwab, wherein Judge Schwab recommends *first*, that the court grant the motion for summary judgment filed by defendant Commonwealth of Pennsylvania Department of Corrections ("DOC") to the extent the DOC is entitled to Eleventh Amendment immunity with respect to the claim by *pro se* plaintiff Onofrio Positano ("Positano") brought pursuant to the Pennsylvania Human Relations Act, 43 PA. STAT. AND CONS. STAT. ANN. § 951 *et seq.*, but deny the motion to the extent the DOC contends that Positano cannot bring a claim under Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12132, alleging disability discrimination in his exclusion from a prison vocational program, and also to the extent the DOC asserts there are no genuine disputes of material fact as to whether Positano is a "qualified individual" under the ADA, (Doc. 123 at 13-30); *second*, that the court deny Positano's motion for summary judgment, (id. at 30-33); and *third*, that the court deny Positano's motion

for temporary restraining order and preliminary injunction, (id. at 33-37), and the court noting that the DOC filed objections (Doc. 124) to the report's finding that genuine disputes of material fact persist as to whether Positano is a qualified individual with a disability, see FED. R. CIV. P. 72(b)(2), and that said objections have been fully briefed by the parties, (Docs. 125, 127), and following a *de novo* review of the contested portions of the report, see Behar v. Pa. Dep't of Transp., 791 F. Supp. 2d 383, 389 (M.D. Pa. 2011) (citing 28 U.S.C. § 636(b)(1)(C); Sample v. Diecks, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989)),[1] the court finding Judge Schwab's analysis to be thorough, well-reasoned, and fully supported by the record and decisional law, and in particular by the requirement that the court view the summary judgment record in the light most favorable to the nonmoving party, see N.A.A.C.P. v. N. Hudson Reg'l Fire & Rescue, 665 F.3d 464, 475 (3d Cir. 2011) (quoting Scott v. Harris, 550 U.S. 372, 380 (2007)), and the proscription against courts weighing evidence or making credibility determinations at the summary judgment stage, see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986), and finding the DOC's objections

---

[1] Neither the DOC nor Positano object to the balance of Chief Magistrate Judge Schwab's report. Failure of a party to timely object to a magistrate judge's conclusions "may result in forfeiture of *de novo* review at the district court level." Nara v. Frank, 488 F.3d 187, 194 (3d Cir. 2007) (citing Henderson v. Carlson, 812 F.2d 874, 878-79 (3d Cir. 1987)). As a matter of good practice, a court should "afford some level of review to dispositive legal issues raised by the report," Henderson, 812 F.2d at 878; see also Taylor v. Comm'r of Soc. Sec., 83 F. Supp. 3d 625, 626 (M.D. Pa. 2015) (citation omitted), in order to "satisfy itself that there is no clear error on the face of the record," FED. R. CIV. P. 72(b), advisory committee notes. Following an independent review of the record, we find no error with respect to the uncontested portions of the report.

(Doc. 37) to be without merit and squarely addressed by the report,[2] it is hereby

ORDERED that:

1. The report (Doc. 123) of Chief Magistrate Judge Schwab is ADOPTED.

2. The DOC's motion (Doc. 108) for summary judgment is GRANTED to the extent Positano's claim under the Pennsylvania Human Relations Act against the DOC is DISMISSED with prejudice. The DOC's motion (Doc. 108) is otherwise denied.

3. Positano's motion (Doc. 99) for summary judgment and Positano's motion (Doc. 121) for temporary restraining order and preliminary injunction are DENIED.

4. A separate pretrial scheduling order shall issue.

      /S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania

---

[2] The DOC's objections concern its disagreement with certain inferences drawn from the record by Judge Schwab. The DOC offers its own interpretation of the record evidence as the only permissible one. (See Doc. 125 at 12-14). The DOC's articulation of its view of the evidence simply undergirds Judge Schwab's appropriate determination that genuine disputes of material fact preclude summary judgment in the DOC's favor.